GULOTTA, Judge,
dissenting.
I respectfully dissent. Butts’ failure to reduce his speed after having observed the tricycle-riding child on the highway, violated the duty imposed upon him as a prudent driver. Furthermore, applying Baumgartner v. State Farm Mutual Automobile Ins. Co., 356 So.2d 400 (La.1978), I am led to conclude that the child’s action in this case does not constitute a bar to recovery.
In this accident, two older boys, one nineteen and one older than the injured child, were pushing an inverted, makeshift tricycle on which the child was riding on the westbound traffic lane of the highway. If the child’s testimony is accepted, he was being pushed in a westerly direction in the westbound traffic lane in the direction of the automobile driver. If we accept the driver’s testimony, the child was being pushed easterly, in the same direction as the driver, but in the westbound traffic lane. According to the driver’s deposition, when he first saw the boys on the bike they were a “long way” from him. In his testimony, the driver stated that when he first saw the kids they were “a couple of hundred yards away.” At a distance of approximately thirty feet from the approaching Butts automobile, the tricycle-riding child was either pushed or came immediately into the path of the approaching car. Butts swerved to the right, off the highway, but unavoidably struck the child and careened onto the right shoulder and into the yard of an adjacent property owner, striking the property owners garage.
The trial judge, in written reasons, concluded that the injured child and the two persons pushing the child on the tricycle, were “negligent and their negligence was the proximate cause of the accident.” The trial judge went on to state that Butts was driving at a prudent rate of speed and acted as a reasonable driver when faced with a sudden emergency.
I am in agreement with the trial judge that, when confronted with a sudden emergency, Butts acted as a reasonable and prudent driver. However, as a matter of law, I disagree with the trial judge, in his conclusion that Butts was proceeding at a prudent rate of speed before the child came into the path of his automobile.
*1070 A duty is placed upon an automobile driver when observing children, either on the highway or in the immediate vicinity of the highway in a precarious position, to reduce his speed to such extent that he can bring his automobile to a controlled stop in the event of an unforseen occurrence. Kelly v. Messina, 318 So.2d 74 (La.App. 4th Cir. 1975).
When Butts observed, “a couple of hundred yards away”, the child on the tricycle, it became incumbent upon him to reduce his speed considerably from the thirty-five to forty miles per hour speed at which he was traveling. Nevertheless, admittedly, Butts did nothing to reduce that speed. I conclude, under the circumstances, that the automobile driver’s failure to do so constituted negligence which resulted in the child’s injury.
In a pedestrian-automobile accident case, the Louisiana Supreme Court in Baumgartner v. State Farm Mutual Automobile Ins. Co., supra, stated:
“The operator of a motor vehicle, a dangerous instrumentality, has the constant duty to watch out for the possible negligent acts of pedestrians and avoid injuring them. A higher standard of care than that required of pedestrians is imposed upon the motorist commensurate with the hazards his conduct inflicts upon the public safety. Therefore, he should not be able to escape responsibility for injury to the pedestrian by pleading the latter’s negligence. And since, in such case, a plaintiff’s contributory negligence will not bar his recovery, the last clear chance doctrine, used to avoid the harsh effects of the contributory negligence defense, is not at issue.”
Applying the Baumgartner decision to our case, I conclude plaintiff’s contributory negligence is not a bar to recovery.